**KELLER BENVENUTTI KIM LLP**
TOBIAS S. KELLER (Cal. Bar No. 151445)
(tkeller@kbkllp.com)
DARA L. SILVEIRA (Cal. Bar No. 274923)
(dsilveira@kbkllp.com)
650 California Street, Suite 1900
San Francisco, California 94108
Telephone: (415) 496-6723
Facsimile: (650) 636-9251

**GOODWIN PROCTER LLP**
BRETT M. SCHUMAN (Cal. Bar No. 189247)
(BSchuman@goodwinlaw.com)
JENNIFER BRIGGS FISHER (Cal. Bar No. 241321)
(JFisher@goodwinlaw.com)
Three Embarcadero
San Francisco, California 94111
Telephone: (415) 733-6000
Facsimile: (415) 677-9041

*Attorneys for Appellees*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>ANTHONY SCOTT LEVANDOWSKI,<br><br>Reorganized Debtor. | Case Nos.  4:22-cv-02781-YGR;<br>4:22-cv-02783-YGR;<br>4:22-cv-02786-YGR; and<br>4:22-cv-02789-YGR<br>(Jointly Administered)<br><br>On Appeal from Bankruptcy Court<br>Case No. 3:20-bk-30242-HLB |
| The United States of America, on behalf of the Internal Revenue Service, and California Franchise Tax Board,<br><br>Appellants,<br><br>v.<br><br>Anthony Scott Levandowski,<br><br>Appellee. | **LEVANDOWSKI RESIDUAL LIQUIDATION TRUST'S MOTION FOR JOINDER AND SUBSTITUTION AS PARTY UNDER FEDERAL RULES OF CIVIL PROCEDURE 20(a)(2) AND 25(c)**<br><br>[No Hearing Requested] |

Pursuant to Federal Rules of Civil Procedure 20(a)(2) and 25(c), the Levandowski Residual Liquidation Trust (the "Trust") hereby moves for an order substituting and joining the Trust as Appellee, as it serves as the successor to Anthony S. Levandowski in his capacity as debtor and debtor in possession.

## I.     FACTUAL BACKGROUND

On May 2, 2022, the United States Bankruptcy Court for the Northern District of California (San Francisco Division) (the "Bankruptcy Court") entered an order [IRS Excerpt of Record, Exhibit 20] (the "Confirmation Order") confirming the *Debtor's Combined Disclosure Statement and Chapter 11 Plan dated March 29, 2022* [IRS Excerpt of Record, Exhibit 8] (including all exhibits thereto, and as amended or modified from time to time pursuant to the terms thereof, the "Plan")[1] in the chapter 11 case of Anthony S. Levandowski, in his capacities *as both* debtor and debtor in possession.  The Effective Date of the Plan occurred on August 25, 2022.  *See* Declaration of Tobias S. Keller in Support of Motion to Dismiss Appeal, filed concurrently herewith.  Among other things, the Plan provides for (i) the creation of the Trust to hold and administer certain Liquidation Trust Assets and distribute the proceeds therefrom to the Holders of certain Allowed Claims, in accordance with the terms of the Plan and the Levandowski Residual Liquidation Trust Agreement, and (ii) the termination of the debtor's obligations as debtor in possession.

## II.    RELIEF REQUESTED

By this Motion, the Trust requests that it be joined as Appellee, as it has succeeded to the role of the debtor in possession, and that the caption be amended accordingly.

## III.   BASIS FOR RELIEF REQUESTED

Under Article XII(A) of the Plan, except for the Individual Commitment and the Debtor's obligations under the Plan, as of the Effective Date of the Plan, the Debtor was discharged from all Claims that have been or could have been asserted as of the Effective Date pursuant to sections 108 and 727(b) of the Bankruptcy Code.  IRS Excerpt of Record at 186-187.  The

---

[1]  Capitalized terms used but not defined herein shall have the definitions contained in the Plan.

Liquidation Trust Assets, which include most assets of the Debtor's bankruptcy estate, *id*. at 157-58 (Plan Article II(A)(74)), all were transferred to the Trust on the Effective Date. *Id*. at 179 (Plan Article IX(A)). *See also* Declaration of Amanda Swift in Support of Motion to Dismiss Appeal, filed concurrently herewith. For these reasons, the Trust is responsible for any tax liability that the debtor in possession would have had under the Plan were the Taxing Authorities to prevail on their Appeals. The Trust is therefore a real party in interest, having succeeded to the obligations of the debtor in possession.

The debtor, Anthony S. Levandowski, remains the debtor. Should the Taxing Authorities prevail on their Appeals, they have asserted that the debtor (in addition to the Trust) will have responsibility for the putative tax liabilities they have asserted. Accordingly, while the Trust seeks permission to be joined as an Appellee, as it has succeeded the debtor in possession, it does not seek to (and does not) represent the interests of the debtor in his personal capacity.

Federal Rule of Civil Procedure 20 provides that parties may be joined if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2). Federal Rule of Civil Procedure 25 provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). Appellees requested the Taxing Authorities' consent for the relief requested herein. The FTB consented, but the IRS was unable to state a position in advance of Appellees' filing deadline. For the reasons set forth above, the Trust submits that it should be joined as an Appellee.

**WHEREFORE**, the Trust respectfully requests entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: October 24, 2022

**GOODWIN PROCTER LLP**
**KELLER BENVENUTTI KIM LLP**

By:  /s/ *Dara L. Silveira*
    Dara L. Silveira

*Attorneys for Appellees*