**KELLER BENVENUTTI KIM LLP**
TOBIAS S. KELLER (Cal. Bar No. 151445)
(tkeller@kbkllp.com)
DARA L. SILVEIRA (Cal. Bar No. 274923)
(dsilveira@kbkllp.com)
650 California Street, Suite 1900
San Francisco, California  94108
Telephone: (415) 496-6723
Facsimile: (650) 636-9251

**GOODWIN PROCTER LLP**
BRETT M. SCHUMAN (Cal. Bar No. 189247)
(BSchuman@goodwinlaw.com)
JENNIFER BRIGGS FISHER (Cal. Bar No. 241321)
(JFisher@goodwinlaw.com)
Three Embarcadero
San Francisco, California 94111
Telephone: (415) 733-6000
Facsimile: (415) 677-9041

*Attorneys for Appellees*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>ANTHONY SCOTT LEVANDOWSKI,<br><br>Reorganized Debtor. | Case Nos. 4:22-cv-02781-YGR;<br>4:22-cv-02783-YGR;<br>4:22-cv-02786-YGR; and<br>4:22-cv-02789-YGR<br>(Jointly Administered)<br><br>On Appeal from Bankruptcy Court<br>Case No. 3:20-bk-30242-HLB |
| The United States of America, on behalf of the Internal Revenue Service, and California Franchise Tax Board,<br><br>        Appellants,<br><br>v.<br><br>The Levandowski Residual Liquidation Trust, as successor to the Debtor in Possession, and Anthony S. Levandowski,<br><br>        Appellees. | **DECLARATION OF TOBIAS S. KELLER IN SUPPORT OF MOTION TO DISMISS APPEALS**<br><br>Date:      November 29, 2022<br>Time:     2:00 pm (Pacific Time)<br>Before:   The Honorable Yvonne Gonzales Rogers<br>1301 Clay Street<br>Courtroom 1 (4th Floor)<br>Oakland, CA 94612 |

I, Tobias S. Keller, hereby declare pursuant 28 U.S.C. § 1746:

1.      I am a partner of the firm of Keller Benvenutti Kim LLP, a law firm with offices at 650 California Street, Suite 1900, San Francisco, California 94108.  I make the statements contained herein of my own personal knowledge and if called upon to so, could testify competently to them.

2.      I submit this Declaration in support of the Motion to Dismiss Appeals (the "Motion"[1]).

3.      On April 22, 2022, I attended a hearing on the Settlement Motion.  As the docket reflects, the Bankruptcy Court granted the Settlement Motion.  As further reflected in the docket, the Bankruptcy Court entered the Settlement Order on May 2, 2022 [Bankr. Docket No. 1029], and no party appealed therefrom.

4.      In reliance on the Settlement Order, I worked with counsel for Google and Uber to confirm that all conditions precedent to consummation of the settlement had occurred, including delivery to Google of the Main Uber Payment.  The Uber Settlement Effective Date (as such term is used in the 9019 Order) occurred on May 20, 2022.

5.      As reflected on the docket in the Chapter 11 Case:

a.      The Plan included, as Exhibit A, a liquidation analysis. [Bankr. Docket No. 940-1.]  That Liquidation analysis states that the estimated value of assets available to pay administrative and priority claims is approximately $13.8 million.

b.      A declaration of Allen Soong was submitted in support of confirmation of the Plan.  [Bankr. Docket No. 1012.]  That declaration (i) confirmed that tax obligations other than for taxes arising from the Main Uber Payment had been included in the feasibility analysis; and (ii) included a discussion of the Debtor's projected distributable income and its dedication to the Debtor's obligations under the Plan.

c.      The Plan became effective on August 25, 2022.  [Bankr. Docket No. 1181.]

---

[1]      Capitalized terms used but not defined herein shall have the meanings attributed to them in the Motion.

1    I declare under penalty of perjury that, to the best of my knowledge and after reasonable

2  inquiry, the foregoing is true and correct.  Executed this 24th day of October, 2022, in San

3  Francisco, California.

_____

Tobias S. Keller