DAVID A. HUBBERT
Deputy Assistant Attorney General

BORIS KUKSO (CABN 268613)
AMY MATCHISON (CABN 217022)
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
202-353-1857 (Kukso)
202-307-6422 (Matchison)
202-307-0054 (f)
boris.kukso@usdoj.gov
amy.t.matchison@usdoj.gov

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>ANTHONY SCOTT LEVANDOWSKI,<br><br>Debtor. | Case Nos. 4:22-cv-02781-YGR (Lead)<br>4:22-cv-02783-YGR<br>4:22-cv-02786-YGR<br>4:22-cv-02789-YGR<br>(Jointly Administered) |
| UNITED STATES OF AMERICA<br><br>    - and –<br><br>CALIFORNIA FANCHIES TAX BOARD,<br><br>Appellants,<br><br>v.<br><br>ANTHONY SCOTT LEVANDOWSKI,<br><br>Appellee. | On appeal from<br>Bankruptcy Case No. 20-30242(HLB)<br>Chapter 11<br><br>**UNITED STATES' RESPONSE TO APPELLEE'S MOTION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 8009(f) FOR ACCEPTANCE OF DOCUMENTS FILED UNDER SEAL** |

Appellant United States of America hereby responds to the Appellee's Motion Pursuant to Federal Rule of Bankruptcy Procedure 8009(f) for Acceptance of Documents Filed Under Seal (the Sealed Document Motion) (ECF 51).[1] The Sealed Document Motion requests that "this Court accept the unsealed and unredacted versions" of certain documents that were filed in the

---

[1] Unless indicated otherwise, references to "ECF" are to documents filed in the instant District Court case and references to "Bk ECF" are to documents filed in the underlying bankruptcy case.

1

underlying bankruptcy case under seal. ECF 51 at 2:13-14.[2] The United States takes this to mean that the unredacted versions of the documents would become part of the public record in this case. To the extent that is correct, the United States has no objection. However, to the extent the motion seeks to share unredacted copies of the documents only with the Court and otherwise maintain those documents under seal, the United States objects.

There is a recognized "'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). The Bankruptcy Code specifically provides that papers filed in bankruptcy cases "are public records and open to examination by an entity at reasonable times without charge." 11 U.S.C. § 107(a). Further, 11 U.S.C. § 107(b)(1) requires the bankruptcy court to "protect an entity with respect to a trade secret or confidential research, development, or commercial information." The Ninth Circuit has ruled that 11 U.S.C. § 107 "displaces the common law right of access in the bankruptcy context." *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 430 (9th Cir. 2011).

The Department of Justice takes the position that court proceedings should be open and that documents generally should not be filed under seal. *See* 28 C.F.R. § 50.9. That is the baseline rule in bankruptcy, too. 11 U.S.C. § 107(a). Further, settlement terms are not generally entitled to protection under 11 U.S.C. § 107(b)(1), especially when the settlement plays a key role in bankruptcy proceedings. *E.g., In re Hart*, 516 B.R. 611 (Bankr. D. Idaho 2014); *In re Anthracite Cap., Inc.*, 492 B.R. 162 (Bankr. S.D.N.Y. 2013). "[N]ot only is sealing inconsistent with the sort of disclosure required under Rule 9019 and 2002 when compromises in bankruptcy are proposed, it is inconsistent with the general proposition that the judicial records and processes of the federal courts are open and public." *Hart*, 516 B.R. at 616 (citations omitted).

---

[2] The five documents addressed in the Sealed Document Motion relate to the amount of the Main Uber Payment. Uber requested that the amount of the Uber Settlement Payment be kept confidential. The Bankruptcy Court permitted redactions of the Uber Settlement Payment and any numbers that might be used to reverse calculate it several times in the underlying bankruptcy case. *See* February 10, 2022, Docket Text Order, and orders granting Debtor's previous administrative motions to file partially redacted exhibits (e.g. Bk ECF 875, 876, 921, 943). All five documents addressed in the Sealed Document Motion were filed and sealed before the United States' appearance in the bankruptcy case on April 1, 2022.

This is especially critical at the dispositive stage, because "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process[.]'" *Id.* (citations omitted).

In sum, the United States has no objection to this Court accepting as unsealed any documents that were filed below under seal and making such unsealed documents part of the official record on appeal. However, to the extent this Court is being asked to keep details of the underlying record out of the public eye, the United States submits that unredacted versions of the documents should be made part of the record in accordance with 11 U.S.C. § 107(a) and the principles of open judicial processes and public access to court records.

Dated: November 21, 2022.

    DAVID A. HUBBERT
    Deputy Assistant Attorney General

    /s/ Boris Kukso
    BORIS KUKSO
    AMY MATCHISON
    Trial Attorneys, Tax Division
    U.S. Department of Justice
    P.O. Box 683
    Washington, D.C.  20044
    202-353-1857 (Kukso)
    202-307-6422 (Matchison)
    202-307-0054 (f)
    boris.kukso@usdoj.gov
    amy.t.matchison@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties entitled to it.

                    */s/ Boris Kukso*
                    BORIS KUKSO
                    Trial Attorney
                    United States Department of Justice, Tax Division