Debra I. Grassgreen (CA Bar No. 169978)
Miriam Manning (CA Bar No. 178584)
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, Suite 3430
San Francisco, CA 94104
Telephone: (415) 263-7000
Facsimile: (415) 263-7010
E-mail: dgrassgreen@pszjlaw.com
mmanning@pszjlaw.com

Reid Schar (CA Bar No. 283948)
JENNER & BLOCK LLP
455 Market Street, Suite 2100
San Francisco, CA 94105-2453
Telephone: (628) 267-6800
Facsimile: (628) 267-6859
Emaill rschar@jenner.com

*Counsel for Uber Technologies, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>ANTHONY SCOTT LEVANDOWSKI,<br><br>Reorganized Debtor.<br><br>---<br><br>The United States of America, on behalf of the Internal Revenue Service, and California Franchise Tax Board,<br><br>Appellants,<br><br>v.<br><br>The Levandowski Residual Liquidation Trust, as successor to the Debtor in Possession, and Anthony Levandowski,<br><br>Appellees. | Case Nos. 4:22-cv-02781-YGR<br>4:22-cv-02783-YGR<br>4:22-cv-02786-YGR<br>4:22-cv-02789-YGR<br><br>On Appeal From Bankruptcy Court Case No. 3:20-bk-30242-HLB<br><br>**UBER TECHNOLOGIES, INC'S STATEMENT IN CONNECTION WITH APPELLEES' MOTION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 8009(f) FOR ACCEPTANCE OF DOCUMENTS FILED UNDER SEAL** |

Uber Technologies, Inc. ("**Uber**") files this Statement in connection with Appellees' *Motion Pursuant to Federal Rule of Bankruptcy Procedure 8009(f) for Acceptance of Documents Filed Under Seal* (Dkt. 51, the "**Motion**"), and respectfully states:

# I.

# INTRODUCTION

1. Uber files this Statement to protect a key term of its Settlement Agreement with Anthony Levandowski's bankruptcy estate - that the amount of its settlement payment would be kept confidential and not disclosed publicly. In electing to agree to make and in making the payments due under this agreement (which is not the subject of any of the appeals), Uber relied upon this confidentiality provision. Had the Bankruptcy Court declined to keep the settlement amount confidential, Uber may have elected not to settle.

2. The IRS and all other creditors were given multiple opportunities to object to this provision: *first*, when the settlement was sent out on notice to *all* creditors, including the IRS; *second*, when Levandowski gave all creditors, including the IRS, notice of the terms of his proposed plan of reorganization, which highlighted that any creditor that wanted to know the amount of the Uber settlement could obtain that information by agreeing to a protective order; and *third*, when the Court considered sealing parts of various documents that contained the settlement amount. The IRS did not object to the confidentiality provision of the Settlement Agreement or any of the related sealing motions. It did not ask to learn the settlement amount. And it did not otherwise object to the Uber Settlement Agreement.

3. Having failed to object to the confidentiality provision below (or any other aspect of the Uber Settlement Agreement), the IRS should not be allowed to collaterally attack the Bankruptcy Court's decision to seal the amount of Uber's settlement. Indeed, it is a fundamental principle of our legal system that once an order is final and no longer subject to appeal, it cannot be collaterally attacked in later litigation. *See, e.g.*, *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 153-54 (2009). Having sat on its rights below by failing to object despite having numerous opportunities to do so, the IRS has no basis to object to this Court receiving the three partially redacted transcripts and liquidation analysis under seal to include in the record on this appeal. In doing so, this Court will not be prejudicing the IRS in any way because none of its arguments below or in this Court turn on the amount of the Uber settlement payment.

## II.

## BACKGROUND

4. Levandowski's Motion asks the Court to accept under seal five documents that the Bankruptcy Court partially sealed below. (Motion at pg 2.). The IRS objects, urging the Court to make the entire documents public. Four of these documents - the transcripts of hearings before the Bankruptcy Court on March 3, 10, and 11 and a Liquidation Analysis prepared by Levandowski and offered in support of Levandowski's plan of reorganization—contain information about the dollar amount of Uber's settlement with Levandowski's bankruptcy estate and payable to Google. As the record below demonstrates, the IRS had multiple opportunities to object to the Bankruptcy Court's decision to partially seal information in these documents about the amount of the Uber settlement.[1]

5. Specifically, on February 10, 2022, Levandowski filed his *Motion Pursuant to 11 U.S.C. §105(a) and 363(b) and Fed. R. Bankr. P. 9019 for Entry of Orders Approving (I) the Settlement Between the Debtor, Uber Technologies, Inc., and Google LLC; (II) the CLAT Settlement; (III) the Plan Support Agreement Between the Debtor and Google; and (IV) Granting Related Relief* (Bankr. Dkt. 831, the "**Settlement Motion**"). Paragraph 6.13 of the Settlement Agreement attached to the Settlement Motion provided that Levandowski, Google, and Uber agreed to keep the amount of the settlement confidential. (*Id.* at ¶6.13.)

6. Levandowski served notice of the Settlement Motion on all creditors, including the IRS, the U.S. Attorney's Office for the Northern District of California, and the Department of Justice. (Dkt. 838.) The Notice advised creditors that objections to the Settlement Motion were due on February 24, 2022, and that a hearing was scheduled for March 3, 2022. (Bankr. Dkt. 834.)

7. The IRS did not object to the Settlement Motion or to the confidentiality provisions in the Settlement Agreement. (*See generally* Bankr. Dkt.)

8. The Bankruptcy Court held hearings on March 3, 10, and 11, 2022 on the Settlement Motion. At the March 11 hearing, the Bankruptcy Court continued the Settlement Motion so that it

---

[1] Uber takes no position as to whether the fifth document - the arbitration award in favor of Google - should be accepted under seal. It does note, however, that contrary to the IRS's statement, this document does not relate to the amount of the Uber settlement payment. (*See* IRS Response at pg. 2 n.2.)

DOCS_SF:108223.2 85647/001     3

could be heard in conjunction with the hearing on Levandowski's proposed plan of reorganization and a Section 505 motion Levandowski intended to file. (Dkt. Text Order March 11, 2022.)

9. Consistent with the confidentiality provision in the Settlement Agreement (to which the IRS never objected), on March 15, 2022, the Court filed notices on the docket directing that any party requesting redactions to the March 3, 10, and 11 hearing transcripts must do so by March 21, 2022. (Bankr. Dkt. 895, 900, 904.) Uber requested that references to the settlement amount be redacted and the IRS did not object to these redactions. (*See generally* Bankr. Dkt.) The Bankruptcy Court approved the filing of these partially redacted transcripts. (Bankr. Dkt. 934, 936.)

10. On March 18, and 29, 2022, Levandowski filed Motions to partially redact the liquidation analysis attached to his proposed plan and disclosure statement. (Dkt. 905, 937.) Levandowski requested these redactions because the analysis would otherwise reveal the settlement amount. On March 21 and 29, 2022, the Court granted this request without objection from any party, including the IRS. (Bankr. Dkt. 921, 943.)[2]

11. On April 1, 2022, the Bankruptcy Court tentatively approved Levandowski's Disclosure Statement and the procedures for soliciting acceptances to the Plan. (Bankr. Dkt. 950, 951.) Pursuant to that Order, Levandowski notified all creditors, including the IRS, the United States Attorney's Office for the Northern District of California, and the Department of Justice, about the deadlines to object to the plan of reorganization and to file ballots and further told all creditors that if they wanted to have access to the redacted information who to contact to execute a protective order that would allow access to the redacted information. (Bankr. Dkt. 955, 990.)

12. Although the IRS objected to the Debtor's plan of reorganization, it did not object to the sealing of certain information in the liquidation analysis related to the amount of the Uber Settlement payment or seek to obtain that information under a protective order. (*See generally* Bankr. Dkt. 996.) And most significantly, none of its objections to Levandowski's Plan turned on the amount of the Uber settlement payment. (*Id.*)

### III.
### ARGUMENT

---
[2] The Motion was filed twice to address a second amended filing of the plan.

13. The IRS's Objection to Appellees' Motion, and its argument that the Court should unseal the records at issue, should be denied for three reasons.

14. *First*, the IRS is asking for relief that is far beyond the scope of Bankruptcy Rule 8009(f). Rule 8009(f) is *not* an invitation to relitigate and reverse a Bankruptcy Court's decision to seal confidential information below. Instead, it is a procedural rule that "governs the handling of any document that remains sealed by the bankruptcy court…." *See* Advisory Committee Notes.

15. Under this Rule, a party seeking to include sealed information in the appellate record must do so by separate motion. The District Court may either: (i) accept the sealed document, in which case, the Clerk of the Bankruptcy Court is authorized to transmit the document to the Clerk of the District Court; or (ii) the District Court may decline to do so, in which case the document is not part of the record on appeal. Fed. R. Bankr. P. 8009(f). There is no third alternative under this Rule that would allow the District Court to reverse the Bankruptcy Court's decision to seal the information in the first place without the benefit of an appeal. By asking this Court to do exactly that, the IRS is improperly seeking relief beyond that provided in the Rule.

16. *Second*, not only is the IRS's request that this Court unseal previously sealed information beyond the scope of Rule 8009(f), it also amounts to an improper collateral attack on the Bankruptcy Court's orders sealing this information. It is well established that once an order is final, parties may not collaterally attack that order in other proceedings. *See Travelers Indem.*, 557 U.S. at 153-54; *Snell v. Cleveland, Inc.*, 316 F.3d 822, 827 (9th Cir. 2002). As the recitation of the record above demonstrates, the IRS did not object to the Uber Settlement Motion or appeal the Bankruptcy Court's decision to approve the Settlement Agreement including the confidentiality provision. It also did not object to the Bankruptcy Court's decision to seal certain information about the amount of the Uber settlement payment in the liquidation analysis attached to Levandowski's Plan. When it appealed the Confirmation Order, it did not identify the decision to seal this information as one of its issues on appeal (Bankr. Dkt. 1086) or argue this issue in its appeal brief (Dkt. 39). Having failed to ever raise any objections with the sealing of this information through the proper channels, it is now simply too late for the IRS to collaterally attack the Bankruptcy Court's decision to seal this information under the guise of an objection to a motion made under a purely procedural rule.

17. *Third,* the IRS fails to identify any prejudice it will suffer if this Court grants the Appellees' Motion. In fact, its Response makes clear that it is objecting only on general policy grounds and not because the sealed information is central to or even tangentially related to its appeal. (Response at pg. 2-3.) The redacted information has no bearing on the issues raised by the IRS on the merits, and indeed, if the amount of the payment mattered to the IRS's arguments on appeal or below, it would have obtained that information when it had a chance to do so in the Bankruptcy Court. The IRS will suffer no prejudice here.

## IV.

## **CONCLUSION**

For all of the foregoing reasons, Uber respectfully requests that the Court overrule the IRS's Response to the Motion and reject the IRS's invitation to unseal the information that the Bankruptcy Court sealed.

Dated: November 28, 2022

PACHULSKI STANG ZIEHL & JONES LLP

By  */s/ Miriam Manning*
Debra I. Grassgreen
Miriam Manning

*Counsel for Uber Technologies, Inc.*