Rob Bonta
Attorney General of California
Tamar Pachter
Senior Assistant Attorney General
Lisa W. Chao
Supervising Deputy Attorney General
John C. Keith
Deputy Attorney General
State Bar No. 229755
  300 S. Spring St., Suite 1702
  Los Angeles, CA  90013
  Telephone:  (213) 269-6251
  Fax:  (916) 731-2144
  E-mail:  john.keith@doj.ca.gov
*Attorneys for Appellant*
*California Franchise Tax Board*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **In re:**<br>**ANTHONY SCOTT LEVANDOWSKI,**<br><br>Debtor. | District Court Case Nos.<br>    4:22-cv-02781-YGR<br>    4:22-cv-02783-YGR<br>    4:22-cv-02786-YGR<br>    4:22-cv-02789-YGR<br>    (Jointly Administered) |
| **THE UNITED STATES OF AMERICA on behalf of THE INTERNAL REVENUE SERVICE and CALIFORNIA FRANCHISE TAX BOARD,**<br><br>Appellants,<br><br>v.<br><br>**THE LEVANDOWSKI RESIDUAL LIQUIDATION TRUST, as successor to the Debtor in Possession, and ANTHONY SCOTT LEVANDOWSKI,**<br><br>Appellees. | Bankruptcy Court Case No.<br>    3:20-bk-30242-HLB<br><br>**CALIFORNIA FRANCHISE TAX BOARD'S REPLY IN SUPPORT OF ITS APPEAL OF CONFIRMATION ORDER** |

# INTRODUCTION

There are two grounds for reversing the Bankruptcy Court's order confirming Debtor's proposed Chapter 11 Plan (Confirmation Order).[1]  First, it is undisputed that the Plan was not feasible (and, hence, not confirmable) unless the court granted Debtor's Tax Motion and declared that the Settlement Payment from Uber to Google for Debtor's benefit did not constitute gross income for Debtor or his bankruptcy estate.  The Bankruptcy Court erred in granting the Tax Motion, for reasons discussed in a concurrent appeal from the court's Tax Order, the reversal of which will necessitate reversal of the Confirmation Order.  Second, the Plan violates FTB's setoff rights in contravention of 11 U.S.C. (Bankruptcy Code) § 553(a).

# ARGUMENT

## I. BECAUSE THE CONFIRMATION ORDER DEPENDS ON THE TAX ORDER, REVERSAL OF THE TAX ORDER WILL NECESSITATE REVERSAL OF THE CONFIRMATION ORDER

As Debtor admitted in his Tax Motion:

> The Plan does not propose to reserve for (and, by the terms of the Global Settlement, the Debtor will not have reserves sufficient for) any material taxes in connection with the Uber Settlement Payment.  If material tax claims are payable on the Uber Settlement Payment, the Plan would not be feasible.

(3-ER-FTB-0466 [Dkt. 44-3].)  In concurrent appeals, FTB and the United States seek the reversal of the Bankruptcy Court's Tax Order, which granted the Tax Motion and held that that the Settlement Payment does not give rise to any taxes because the "payment does not constitute gross income for Mr. Levandowski or for his bankruptcy estate." (3-ER-FTB-0719 [Dkt. 44-3].)

In his Omnibus Response Brief on appeal (Resp. Br. [Dkt. 49]), Debtor again admits, repeatedly, that the Plan was not confirmable absent the Tax Order.  (Resp.

---

[1] Capitalized terms not defined herein have the same definitions as in FTB's Opening Brief on appeal (Dkt. 43) or, if surrounded by quotation marks, in the document indicated by the context.

Br. 11-13/43, 19-20/43.[2])  Given these admissions, there can be no dispute that, if the Tax Order is reversed or vacated as appellants request, then the Confirmation Order must be reversed or vacated as well.

## II.  THE CONFIRMATION ORDER SHOULD BE REVERSED BECAUSE THE PLAN VIOLATES FTB'S SETOFF RIGHTS IN CONTRAVENTION OF BANKRUPTCY CODE SECTION 553

FTB joins in the United States' arguments at pages 5-7 of its reply in support of its appeal of the Confirmation Order (Dkt. 60), as to why the Plan's discharge provisions violate government setoff rights under Bankruptcy Code section 553(a). In addition, FTB states that Debtor has failed to rebut FTB's arguments at pages 16-19 of its Opening Brief (Dkt. 43) that the Plan violates section 553 because, among other things, it provides for a discharge and a related injunction, prohibiting Debtor's creditors from "asserting a setoff, right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to the Debtor, except as part of the claims resolution process set forth in Section X of this Combined Plan and Disclosure Statement."  (4-ER-FTB-0561-62 [Dkt. 44-4].)  In the Ninth Circuit, a right of setoff under section 553 trumps the discharge and injunction under section 1141. *Carolco Television Inc. v. National Broadcasting Co. (In re DeLaurentiis Entertainment Group Inc.)*, 963 F.2d 1269, 1277 (9th Cir. 1992).

## CONCLUSION

For the foregoing reasons and those stated in FTB's Opening Brief, if this Court vacates the Tax Order, the Court should also vacate the Confirmation Order and remand for further proceedings.  The Court should also vacate the Confirmation Order because the Plan violates Section 553 of the Bankruptcy Code, contrary to the requirements under Section 1129(a)(1) for confirmation.  Alternatively, if the Plan has already been substantially consummated, the Court should issue equitable relief by directing the Bankruptcy Court to amend the Confirmation Order to hold

---

[2] Debtor's Response Brief lacks page numbers on the bottom.  The pdf is 43 pages long, so page cites are in the form of "[x]/43."

that the feasibility analysis, the tax determination, and Debtor's discharge as contemplated in the Plan not apply to FTB as to Debtor's income tax liabilities for the 2022 tax year, and that the setoff provisions contained in the discharge and injunction language of the Plan do not apply to FTB.

Dated:  December 15, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California
TAMAR PACHTER
Senior Assistant Attorney General
LISA W. CHAO
Supervising Deputy Attorney General


*/s/ John C. Keith*
JOHN C. KEITH
Deputy Attorney General
*Attorneys for Creditor and Appellant California Franchise Tax Board*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rules of Bankruptcy, rule 8015(a)(7)(B)(i) the undersigned counsel for appellant California Franchise Tax Board hereby certifies that the foregoing CALIFORNIA FRANCHISE TAX BOARD'S REPLY IN SUPPORT OF ITS APPEAL OF CONFIRMATION ORDER is printed in fourteen (14) point Times New Roman font and that based on the Microsoft Word computer word count function, excluding those parts of the brief not included in the word count by rule 8015(g), the text of the brief contains 691 words.

/s/ John C. Keith
John C. Keith
Deputy Attorney General
*Attorneys for Appellant*
*California Franchise Tax Board*