**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **In re:**<br><br>**ANTHONY SCOTT LEVANDOWSKI,**<br><br>Debtor.<br><br>**THE UNITED STATES OF AMERICA on behalf of THE INTERNAL REVENUE SERVICE**<br><br>- and -<br><br>**CALIFORNIA FRANCHISE TAX BOARD,**<br><br>Appellants,<br><br>**v.**<br><br>**ANTHONY SCOTT LEVANDOWSKI, ET AL.,**<br><br>Appellees. | Case Nos.  4:22-cv-02781-YGR (lead case)<br>            4:22-cv-02783-YGR<br>            4:22-cv-02786-YGR<br>            4:22-cv-02789-YGR<br><br>On appeal from:<br>Bankruptcy Case No. 20-30242 (HLB)<br>Chapter 11<br><br>(Jointly Administered)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR JOINDER AND SUBSTITUTION**<br><br>Re: Dkt. No. 46 |

On October 24, 2022, the Levandowski Residual Liquidation Trust (the "Trust") filed a motion for joinder and substitution under Federal Rules of Civil Procedure 20(a)(2) and 25(c). (Dkt. No. 46.) According to the Trust, it succeeded to the role of debtor in possession, and ambiguously sought to be substituted for the debtor Anthony Scott Levandowski in his capacity as debtor and debtor in possession. The United States on behalf of the Internal Revenue Service ("IRS") objected on two grounds. (Dkt. No. 55.) First, it objected that the Trust is only successor in interest to the bankruptcy estate, such that Levandowski should remain as a party appellee. Second, the IRS objected that the trustee as opposed to the Trust must be joined. The California Franchise Tax Board ("FTB") joined in the IRS's objections. (Dkt. No. 56.)

In response to the objections raised, the Trust conceded that the trustee should have been

1  joined. Accordingly, it modified the request to join Peter Kravitz, in his capacity as Trustee of the
2  Levandowski Residual Liquidation Trust ("Trustee"), as a party to these proceedings. The reply
3  further clarified that the relief sought is joinder and not substitution. In turn, the reply conceded
4  that Levandowski should remain as an appellee to these proceedings. Since the IRS and FTB did
5  not have an opportunity to respond to the new positions advanced for the first time in reply, the
6  Court directed clarification of their positions. (Dkt. No. 70.) Supplemental responses were filed
7  and show that the parties continue to disagree as to whether the Trustee is the successor in interest
8  to Levandowski as debtor in possession. This disagreement arises in part because of the potential
9  tax liability underlying this appeal should the bankruptcy court's orders be reversed.

Ultimately, the Court does not need to resolve who may be liable for potential tax at this juncture. Indeed, the record and briefing is sufficiently under-developed on this point with respect to the pending motion. The FTB and IRS expressly ignored this Court's direction to provide authority in support of their ongoing objections. The Trustee fails to provide particular citations to the record to support its bald and conclusory assertions.

Nevertheless, in light of the record presented, the Court **HEREBY ORDERS** that:

1. The motion is **DENIED** to the extent it seeks substitution as opposed to joinder;
2. The motion is **DENIED** to the extent it sought to join the Trust as opposed to the Trustee;
3. The request to join Peter Kravitz, in his capacity as Trustee of the Levandowski Residual Liquidation Trust is **GRANTED** and he is hereby joined to this case as an appellee.
4. The Clerk of Court is **DIRECTED** to add the Trustee to each of the above-references cases now pending before the Court; and
5. Levandowski shall remain listed on the docket for each of the above-referenced cases as an appellee.

///
//
/

This Order terminates Docket Number 46.

**IT IS SO ORDERED.**

Dated: February 2, 2023

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**